EUGENE M. SMITH AND ANOTHER v. DANIEL HENDELAN.[1]

February 2, 1917.

Nos. 20,166—(259).

**Dismissal of action for lack of evidence.**

Under a contract in writing for the conveyance of real estate, subject to a mortgage thereon, in exchange for certain contrivances called Pitch-O-Bat courts, and an exclusive right to sell that kind of a contrivance in certain territory, where the contract is silent as to the price or value of the land, the amount of the mortgage, the price or value of the contrivance or of the right to sell, and subsequently modified by verbal agreement to the effect that if defendant's wife refused to sign the deed he might pay cash, *held*, that the trial court was justified in dismissing the case at the close of plaintiff's evidence on the ground of a lack of proof as to the price or value of the contrivances.

[1]Reported in 161 N. W. 221.

Action in the district court for Hennepin county to recover $7,200 for breach of contract. The case was tried before Fish, J., who when plaintiffs rested granted defendant's motion to dismiss the action. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*George B. Leonard* and *M. Rose,* for appellants.

*L. A. Hubachek* and *A. X. Schall, Jr.,* for respondent.

QUINN, J.

By this action plaintiffs seek to recover $7,200 for certain machines which they claim to have sold to defendant in 1913. The cause was tried to the court and at the close of the plaintiffs' testimony, the court, upon motion of the defendant, dismissed the action upon the ground that there was no evidence as to the value or the price to be paid for the property sued for, and from an order denying their motion for a new trial plaintiffs appealed.

It appears from the pleadings and the proofs of plaintiffs, that in 1913 plaintiffs were engaged in the manufacture and sale of an indoor baseball contrivance called Pitch-O-Bat courts, and in April of that year defendant called upon them at their place of business for the apparent purpose of negotiating a deal for the handling of their machines, and during the negotiations which followed plaintiffs informed defendant that their price for such machines was $800 delivered. Thereafter on May 15, 1913, the parties entered into a written contract, by the terms of which defendant agreed to convey certain real estate (his homestead) therein described, subject to a mortgage thereon, to the plaintiffs, in consideration of which the plaintiffs agreed to sell and convey by bill of sale, to defendant, nine Pitch-O-Bat courts complete, and also the exclusive right of using and selling Pitch-O-Bat machines in nine towns. Neither the value of the real estate, the amount of the mortgage, the price of the machines, nor the value of the right to sell, were mentioned in this contract. When the parties had separated after signing the contract, plaintiffs discovered a slight typographical error in the same and so notified defendant. Two days later the parties met for the purpose of correcting the error, when the defendant stated to plaintiffs that he did not know whether his wife would sign the deed or not, and, if she would not, that he would pay cash for the machines, to which plaintiffs

replied that that would be all right. The error was then corrected, and plaintiffs had the contract recorded in the office of the register of deeds.

The plaintiffs base their right to recover upon the contract as modified; the only modification claimed is as to the right of defendant to pay cash in lieu of conveying the real estate in case his wife refused to sign the deed. The contract after, as well as before, it was modified was for the sale and conveyance by bill of sale to the defendant of the "exclusive right of using and selling Pitch-O-Bat machines in nine towns" as well as for the sale and delivery of nine of such machines. Neither the contract nor the testimony discloses whether the "right to sell" or the nine machines were of the greater value. Other than the above there was no testimony showing the price, or the value of the machines sued for. Two machines were delivered, the other seven have not been entirely made up. No payments have been made, and the defendant's wife refused to sign the deed. Upon the trial the court suggested at different times that no proof as to price or value had been offered.

There is no evidence in the case from which the trial court could determine the price or value of any of the property to be conveyed. The contract as modified was but an incomplete contract, insofar as a right to recover the price, in money, of any of the property to be conveyed is concerned. As justly stated by the trial court, the dismissal of the action does not preclude a subsequent action to recover the value of the two machines that were delivered. We think the trial court properly disposed of the case.

Order affirmed.